```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
TONI IRONS,
                                        MEMORANDUM AND ORDER
              Plaintiff,
                                        12-CV-4508 (KAM)
       -against-

UNITED STATES POSTAL SERVICE,

              Defendant.
-------------------------------x
```
**MATSUMOTO, United States District Judge:**

On September 6, 2012, *pro se* plaintiff Toni Irons ("plaintiff") commenced this action against the United States Postal Service (the "Postal Service" or "defendant"). (*See* ECF No. 1, Complaint ("Compl.").) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this decision. Having reviewed plaintiff's complaint, for the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The instant complaint alleges that plaintiff is a victim of forgery and mail fraud. Specifically, plaintiff alleges that on March 3, 2011, while she was hospitalized, the Postal Service allowed an "individual, who had no Authority to do so," and without plaintiff's permission, to put a delivery hold on her mail, to forge plaintiff's name, and to collect her mail. (Compl. ¶ 3.) Plaintiff further alleges the Postal Service prevented her from receiving

"documents which [contained] fraud . . . to prove my life being corrupted, and my personal documents of birth Certificate to prove who I am." (*Id.*) Plaintiff seeks $20,000,000.00 in damages "for pain & suffering" and "los[s] of personal documents to have a Right to happiness." (*Id.* ¶ 4.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations marks omitted).

In reviewing the complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (internal quotation marks omitted). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the court

2

must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## **DISCUSSION**

"[S]overeign immunity precludes suits against the United States and its agencies," including the Postal Service, "unless Congress specifically abrogates that immunity by statute." *Bloch v. United States Post Office*, No. 11-CV-659, 2011 U.S. Dist. LEXIS 15376, at *2 (E.D.N.Y. Feb. 16, 2011); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver."); *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983))).

Although plaintiff's complaint fails to cite any statutory basis for her action against the Postal Service, the Federal Tort Claims Act ("FTCA") is the exclusive means for recovering damages against a federal agency for "injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission" of agency employees acting in their official capacities. 28 U.S.C. § 2679(b)(1); *see Uzamere v. United States Postal Serv.*, No. 09-CV-3709, 2009 U.S. Dist. LEXIS 97412, at *3-4 (E.D.N.Y. Oct. 15,

3

2009). "The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees, including Postal Service employees, within the scope of their employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008) (citing *Dolan*, 546 U.S. at 484-85).

Congress, however, carved out explicit exceptions to this waiver of sovereign immunity, including the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). In *Dolan*, the Supreme Court found that Congress, in enacting the postal matter exception, "intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Accordingly, to the extent that plaintiff alleges the Postal Service was negligent in delivering, handling, or failing to deliver plaintiff's mail, any such claim "is precluded by the postal matter exception and must be dismissed on the basis of sovereign immunity." *Bloch*, 2011 U.S. Dist. LEXIS 15376, at *4 (citing 28 U.S.C. § 1915(e)(2)(B)(iii)); *see also Wilber v. United States Postal Serv.*, No. 10-CV-3346, 2010 U.S. Dist. LEXIS 82298, at *2-3 (E.D.N.Y. Aug. 2, 2010) (dismissing complaint against

4

Postal Service for lack of jurisdiction pursuant to the FTCA's postal matter exception); *Djordjevic v. Postmaster Gen.*, 911 F. Supp. 72, 74-75 (E.D.N.Y. 1995) (same).

Alternatively, even if sovereign immunity did not bar this action, plaintiff's complaint would be dismissed for failure to exhaust administrative remedies. The FTCA states the following:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a) (emphasis added). In order to sue under the FTCA, plaintiff must first exhaust her administrative remedies with the Postal Service, a requirement that "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Accordingly, because there is no indication that plaintiff filed an administrative tort claim with the Postal Service prior to initiating this action, the court lacks subject matter jurisdiction on this ground as well. *See Bloch*, 2011 U.S. Dist. LEXIS 15376, at *4-5; *Djordjevic*, 911 F. Supp. at 75-76.

## **CONCLUSION**

For the reasons set forth above, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C.

5

§ 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested serve a copy of this Order on the *pro se* plaintiff, to note service on the docket, to enter judgment in accordance with this Order, and to close this case.

      **SO ORDERED.**

Dated:    September 21, 2012
           Brooklyn, New York

                                                /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge